UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERLY R. ALLEN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>PROTECTIVE LIFE INSURANCE COMPANY, et al.,<br><br>    Defendants. | Case No. 1:23-cv-00026-JLT-CDB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STAY**<br><br>(Doc. 37) |

Pending before the Court is the motion of Defendants Protective Life Insurance Company and American General Life Insurance Company ("Defendants") to stay proceedings in this action, filed June 24, 2024, pending an anticipated ruling of the Ninth Circuit Court of Appeals in *Moriarty v. American General Life Insurance Co.*, No. 23-3650 ("*Moriarty*").  (Doc. 37). Plaintiffs Beverly R. Allen and The Danny and Beverly R. Allen Family Trust ("Plaintiffs") filed an opposition on July 8, 2024 (Doc. 38), and Defendants replied on July 18, 2024 (Doc. 39). Following its review of the parties' briefs, on July 22, 2024, the Court submitted the motion without oral argument.  (Doc. 40) (citing Local Rule 230(g)).

**I.    Background**

Plaintiffs initiated this action on September 26, 2022, in the Superior Court for the State of California, County of San Francisco (styled as *Beverly R. Allen, et al. v. Protective Life Insurance Company, et al.*, No. CGC-22-601938), asserting six claims for relief against Defendants.  (Doc. 1 ¶¶ 1, 2).  Plaintiffs seek to collect insurance benefits allegedly owed under a $200,000 life insurance policy.  *Id.* at ¶ 2.

Defendants removed the action to the Northern District of California on October 27, 2022.

(Doc. 1). On January 5, 2023, following the parties' stipulated request to transfer venue (Doc. 14), the Northern District transferred the case to this Court. (Doc. 16). On May 9, 2023, this Court entered the operative scheduling order.

On August 11, 2023, Plaintiffs filed a motion to amend the complaint. (Doc. 24). Among the proposed amendments, Plaintiffs seek to add class allegations against Defendant American General Life Insurance ("AGLI"). (Doc. 24-1 p. 2). In the motion, Plaintiffs assert Allen is "the proper candidate to bring class claims" following the denial of class certification in an action pending in the Southern District of California where the plaintiff "alleg[es] facts and causes of action substantially similar against Defendant American General Life Insurance Company" as Plaintiffs assert here. *Id.* at 4-7 (citing *Moriarty v. General Life Insurance Company, et al.*, Case No. 3:17-cv-01709-BTMBGS. *Id.* at 4-7. After Plaintiffs' motion to amend in this Court was fully briefed, on September 26, 2023, the *Moriarty* plaintiff was granted leave to file a renewed motion for class certification. *Moriarty*, No. 3:17-cv-01709-BTMBGS, at (Doc. 316). The *Moriarty* district court also stayed the action and certified for interlocutory appeal to the Ninth Circuit Court of Appeals its order granting Plaintiff summary judgment on the breach of contract cause of action. *Id.* at 6.

On November 2, 2023, in light of the *Moriarty* district court's September 26, 2023 order, the Court ordered the parties to file a joint report regarding Plaintiffs' motion to amend and address whether this Court should hold the motion in abeyance pending the Ninth Circuit's ruling in *Moriarty*. (Doc. 33). In their responsive joint report filed November 7, 2023 (Doc. 34), the parties represented that "[h]olding Plaintiffs' motion to amend in abeyance [pending the outcome in *Moriarty*] will promote efficiency, economy, consistency, and comity." (Doc. 34). Accordingly, the following day, the Court entered an order holding in abeyance Plaintiffs' motion to amend pending resolution of the class certification issues in *Moriarty*. (Doc. 35).

On September 7, 2023, the Court ordered Plaintiffs to file a notice of related cases or show cause why the case should not be related to the action styled *Beverly Allen v. Protective Life Insurance Company, et al.*, Case No. 1:20-cv-00530-JLT-CDB ("*Allen I*"). (Doc. 28). On September 12, 2023, Plaintiffs filed a notice of related cases and indicated the instant case is

related to *Allen I*. (Doc. 29). On September 14, 2023, the Court related the cases and reassigned the instant action to the undersigned with the new case number 1:23-cv-00026-JLT-CDB (*"Allen II"* or "instant action"). (Doc. 31).

On December 12, 2023, in the related case *Allen I*, the Court granted Defendants' motion to stay pending resolution by the Ninth Circuit of "important and potentially dispositive issues germane to [that] case[,]" *i.e.*, appellate decisions in the *Farley* and/or *Small* actions. (Doc. 110 p. 8).

Pending before the Court is Defendants' motion to stay proceedings in this action, filed June 24, 2024, in anticipation of a ruling by the Ninth Circuit Court of Appeals in *Moriarty v. American General Life Insurance Co.*, No. 23-3650. (Doc. 37). The fully briefed appeal in *Moriarty* is scheduled for oral argument at the Ninth Circuit on February 5, 2025, at 9:00 a.m. *Moriarty*, No. 23-3650.

**II.     Standard of Law**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Lockyer v. Mirant Corp*, 398 F.3d 1098, 1109 (9th Cir. 2005). Deciding whether to grant a stay pending the outcome of other proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *United States v. Howen*, No. 1:21-cv-00106-DAD-SAB, 2022 WL 1004832, at *3 (E.D. Cal. Apr. 4, 2022) (quoting *Landis*, 299 U.S. at 254). "[I]f there is even a fair possibility that the . . . stay will work damage to someone else, the party seeking the stay must make out a clear case of hardship or inequity." *Lockyer*, 398 F.3d at 1112; *United States v. Aerojet Rocketdyne Holdings, Inc.*, 381 F. Supp. 3d 1240, 1250 (E.D. Cal. May 8, 2019).

In considering whether to grant a stay, this Court must weigh several factors, including "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir.

1962) (citing *Landis*, 299 U.S. at 254–55).  In granting and lifting stays, a court must weigh "the length of the stay against the strength of the justification given for it." *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000).  "If a stay is especially long or its term is indefinite, [courts] require a greater showing to justify it." *Id*.  A stay may be warranted in deference to ongoing, parallel proceedings "regardless of whether the separate proceedings are 'judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.'" *Scottsdale Indemnity Co. v. Yamada*, No. 1:18-cv-00801-DAD-EPG, 2019 WL 7601833, at *3 (E.D. Cal. Jan. 10, 2019) (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979)).

## III.     Discussion

In the pending motion, Defendants argue that "[a] stay of this action pending an appellate decision in *Moriarty* is warranted because this case raises many of the same issues that are being litigated in *Moriarty*" and that requiring them to defend this suit before that case is resolved could lead Defendants "to a substantial risk of real harm."  (Doc. 37 p. 2).  Plaintiffs counter that Defendants "have not met their considerable burden to support a stay while *Moriarty* is decided[,]" that Plaintiffs will be damaged by a stay given the harm caused by maintaining the status quo, that Defendants face no actionable hardship by proceeding in the action, and that the parties "will not gain a resolution by waiting" for the Ninth Circuit's decision in *Moriarty*.  (Doc. 38 pp. 5-7, 6-9, 10).  Defendants contend in their reply brief that in *Allen I*, the Court rejected Plaintiffs' arguments recycled here and granted a stay pending the outcome of proceedings in the Ninth Circuit, and Plaintiffs do not distinguish that ruling here.  (Doc. 39 p. 1).

### 1.     Whether Damage is Likely to Result from Issuing a Stay.

First, the Court must consider the possible damage that may result from granting the stay.  *CMAX, Inc.*, 300 F.2d at 268.  Defendants note that, because the stay they seek is temporary, the harm Plaintiffs claim they would suffer from delay in any eventual recovery of money damages is not enough to warrant denying a stay.  (Doc. 37 p. 5).  Defendants further argue that any showing by Plaintiffs of purported prejudice is undermined by the fact that they have not sought preliminary injunctive relief.  *Id.* at 6.  Defendants further note that the pending motion for leave

to amend already is held in abeyance pending the outcome in *Moriarty*.  *Id.*  In opposition, Plaintiffs argue a stay is highly disfavored  because they seek to enforce important remedial statutes under the California Insurance Code aimed at protecting the elderly or disabled and to prevent ongoing violations of these laws by Defendants.  (Doc. 38 p. 6).

      Where claims are remedial in nature and address an important public policy, especially policies for protected classes of persons, a stay may result in unacceptable levels of harm. *See Leyva*, 593 F.2d 857 at 864 (remanding a stay decision for the district court to consider the "urgent nature of the statutory right").  Here, Plaintiffs seek to add class allegations related to the conduct and claims asserted against Defendants in their pending motion to amend.  (Doc. 24-1 p. 2).  However, the mere fact that Plaintiffs seek "to represent a class of elderly and vulnerable individuals and seeks remedial relief[]" does not materially heighten the exigency of the action – particularly where Plaintiffs could have, but have not sought a temporary restraining order or preliminary injunctive relief.  *See Holland-Hewitt v. Allstate Life Ins. Co.*, No. 1:20-cv-00652-DAD-SAB, 2021 WL2577023, at *5 (E.D. Cal. June 23, 2021).  Indeed, though Plaintiffs state in their complaint that they will seek, in addition to damages, "injunctive, equitable and declaratory relief, to the greatest extent possible," Plaintiffs have not moved for any injunctive relief, permanent or otherwise, notwithstanding their assertions of entitlement to such relief in the complaint and their opposition to the pending motion.  *See* (Doc. 1-2 at ¶¶ 130, 176; *id.* p. 51); *see also* (Doc. 38 p. 6) ("[W]here the plaintiff seeks injunctive relief, as Plaintiff Allen does here, there is "more than just a 'fair possibility' of harm."").  Plaintiffs' delay in seeking immediate injunctive relief and their agreement to a temporary stay of the Court's adjudication of their pending motion to amend undermine their ability to show a "fair possibility" of harm here and the absence of tangible ongoing harm. *See Mahboob v. Educ. Credit Mgmt. Corp.*, No. 15-cv-0628-TWR-AGS, 2020 WL 7625144, at *2 (S.D. Cal. Dec. 21. 2020) ("Just because injunctive relief is available does not mean the harm persists"). *Cf. City of Sacramento v. Wells Fargo & Co.*, No. 2:18-cv-00416-KJM-GGH, 2019 WL 11093495, at *3 (E.D. Cal. Nov. 20, 2019) (declining to stay action for anticipated 3+-years where plaintiffs sought injunctive relief in the face of ongoing harm); *Lockyer*, 398 F.3d at 1112 (finding a stay to be improper when "the Attorney General

seeks injunctive relief against ongoing and future harm"). The Court also finds the risk of harm or prejudice resulting from a stay is reduced because the declaratory relief Plaintiffs seek on behalf of the class "would be the same and have the same effect if awarded now or in a year." *Phan v. Transamerica Premier Life Ins. Co.*, No. 20-cv-03665-BLF, 2023 WL 7597464, at *4 (N.D. Cal. Nov. 12, 2023).[1]

The stay Defendants seek is temporary, and not indefinite. Based on the Court's review of the docket, the fully briefed appeal in *Moriarty* is scheduled to be heard on February 5, 2025. *Moriarty*, No. 23-3650. Simply put, the Court does not have a clear basis upon which to find that there would be material harm to Plaintiffs in light of the finite duration of the proposed stay. *Yong*, 208 F.3d at 1119; *see generally Grundstrom v. Wilco Life Ins. Co.*, No. 20-cv-03445-MMC, 2020 WL 6873645, at *2 (N.D. Cal. Oct. 13, 2020) (staying action against life insurance providers by beneficiaries seeking damages and injunctive relief given temporary nature of stay sought and absence of showing of ongoing harm).

In sum, the Court finds the first *Landis* factor weighs in favor of a stay.

**2.    Whether a Party Would Suffer Hardship or Inequity Absent a Stay.**

Second, the Court must evaluate "the hardship or inequity which a party may suffer in being required to go forward." *CMAX, Inc.*, 300 F.2d at 268. Defendants argue that denial of a stay will expose Defendants to harm, including through litigation of issues that a forthcoming appellate decision could impact. *See, e.g., Phan*, 2023 WL 7597464, at *4 (noting in absence of stay, "the parties would devote significant resources to litigating a class action only to have their efforts potentially rendered moot by a decision in [the relevant cases on appeal]"); *Smith v. Experian Info. Sols. Inc.*, No. SACV 17-00629-CJC(AFMx), 2018 WL 1427162, at *3 (C.D. Cal. Jan. 19, 2018) ("Without a stay, the parties will be compelled to expend significant resources litigating issues that may have to be revisited after the Ninth Circuit issues its decision"). While

---

[1] Plaintiffs rely upon the same authorities they cited in opposition to the motion to stay in *Allen I* to support their opposition here. (Doc. 38 at 6-7); *see Allen I* (Doc. 110 at 5-6). For the same reasons previously determined in *Allen I*, "the factual predicate of [Plaintiffs'] claims [are] distinguishable from the case[s] on which [Plaintiffs] rel[y] [to] support" their opposition to Defendants' motion here and the Court again finds Plaintiffs' reliance upon *Takiguchi v. MRI Int'l Inc.*, U.S. Dist. LEXIS 135076 1 (D. Nev. Oct. 2, 2015) and *Lopez v. Heckler*, 713 F.2d 1432 (9th Cir. 1983) as inapposite here. *Allen I* (Doc. 110 pp. 5-6).

Defendants further assert that, absent a stay, they would be burdened by litigating Plaintiffs' entitlement to relief, Plaintiffs correctly counter that "the hardship attendant with being forced to defend a lawsuit is irrelevant…." *Am. Honda Motor Co., Inc. v. Coast Distribution System, Inc.*, No. 2007 WL 672521, at *2 (N.D. Cal. Feb. 26, 2007); *see Lockyer*, 398 F.3d at 1112 ("being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity.'").

Nevertheless, the Ninth Circuit's anticipated ruling will have a direct impact on the instant action as to the proper interpretation of the remedial statutes at issue, thereby impacting Plaintiffs' individual entitlement to relief. *See, e.g.*, *Grundstrom v. Wilco Life Ins. Co.*, No. 20-cv-03445-MMC, 2023 WL 8429789, at *4 (N.D. Cal. Dec. 4, 2023) ("Wilco does not argue that simply defending the suit constitutes hardship; rather, it argues that both parties, in the absence of a stay, may be required to unnecessarily expend time and resources, particularly if a class is certified. California courts have recognized such 'wasted' effort constitutes hardship under *Landis*"); *Phan*, 2023 WL 7597464, at *4 (finding that without stay "the parties would devote significant resources to litigating a class action only to have their efforts potentially rendered moot by a decision in [the relevant cases on appeal].").

Accordingly, the Court finds the second *Landis* factor favors a stay, as there is a tangible risk of inconsistent judgments and duplicative efforts if the action proceeds.

**3.   Whether a Stay Would Promote Judicial Economy.**

Third, the Court must consider whether a stay will promote "the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc.*, 300 F.2d at 268.  This third *Landis* factor addresses judicial economy, which "is the primary basis courts consider when ruling on motions to stay." *Vance v. Google LLC*, No. 5:20-cv-04696-BLF, 2021 WL 534363, at *6 (N.D. Cal. Feb. 12, 2021).

The Court acknowledges that the Ninth Circuit's decision of the issues posed in *Moriarty* could be highly relevant in interpreting the remedial statutes before the Court here.  The primary issue in *Moriarty* concerns what a plaintiff must prove to recover for breach of contract if an

7

insurer fails to comply with the statutes. (Doc. 37 pp. 4-5). Guidance on this issue would "be of valuable assistance to the court" not only in ruling on the pending motion to amend, but also for all subsequent and related proceedings in litigating Plaintiffs' entitlement to relief. *Leyva*, 593 F.2d at 863. Courts (including this Court) have concluded that a stay was appropriate under similar circumstances. *Vann-Eubanks v. Protective Life Ins. Co.*, No. 1:21-cv-01784-JLT-CDB, 2023 WL 8602160, at *4 (E.D. Cal. Dec. 12, 2023); *Grundstrom*, 2023 WL 8429789, at *6; *Phan*, 2023 WL 7597464, at *5.

Although Plaintiffs argue that "no pending matter, in and of itself, will eliminate the need for this matter to proceed on the merits" and that "[t]he Ninth Circuit has already addressed the causation issues to which Defendants still cling[,]" (Doc. 37 p. 8) (citing *Thomas v. State Life Ins. Co.*, No. 20-55231, 2021 WL 4596286, at *1 (9th Cir. 2021)), Plaintiffs do "not dispute the likelihood that the Ninth Circuit will provide binding, or at least instructive analysis on several points relevant to this Court's assessment of [ the proper interpretation of the remedial statutes at issue]." *Grundstrom*, 2023 WL 8429789, at *5. The Court also notes that the Ninth Circuit is considering the same causation/damages question implicated here in two class action appeals—in *Small*, No. 23-55821, argued on October 21, 2024, with the underlying district court case stayed pending the appeal, and *Farley*, No. 23-16224, with oral argument set for January 1, 2025, and the underlying district court case also stayed pending appeal. The Court therefore finds that consideration of the third *Landis* factor weighs heavily in favor of staying this action.

**IV.     Conclusion and Order**

After balancing the potential harm and prejudice implicated by staying this action against the competing equities of hardship imposed and judicial economy, the Court finds good cause exists to grant Defendants' motion to stay pending resolution by the Ninth Circuit of important and potentially dispositive issues germane to this case.

For the reasons set forth above:

1. Defendants' motion to stay (Doc. 37) is GRANTED;
2. This action is HEREBY STAYED pending issuance of an opinion by the Ninth Circuit in the *Moriarty* action. If no determinative decision is rendered in *Moriarty*

8

within one year of the date of this Order, Plaintiffs may seek relief through a motion to lift stay; and

3. No later than 14 days following the issuance of such opinion(s), the parties SHALL FILE a joint status report in which they set forth their positions on whether the stay in this case should be lifted.

IT IS SO ORDERED.

Dated: __November 27, 2024__                             _____
                                                                                           UNITED STATES MAGISTRATE JUDGE